Filed 7/14/16  P. v. Bailey CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DARREN BAILEY,<br><br>  Defendant and Appellant. | F071487<br><br>(Kings Super. Ct. No. 14CM7688)<br><br>**OPINION** |

### <u>THE COURT</u>*

APPEAL from a judgment of the Superior Court of Kings County.  Steven D. Barnes, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Kane, Acting P.J., Poochigian, J., and Franson, J.

Appointed counsel for defendant Darren Bailey asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We remand to the trial court with directions regarding the fines and fees, and affirm in all other respects. We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On January 4, 2014, while an inmate, defendant was searched and found to be in possession of a usable amount of marijuana.

On January 22, 2015, defendant pled no contest to possession of marijuana while in prison (Pen. Code, § 4573.6),[1] and admitted a prior prison term (§ 667.5, subd. (b)). The trial court sentenced him to two years, plus a one-year prior prison term enhancement. The court ordered him to pay a $300 restitution fund fine (§ 1202.4); a matching probation revocation fine, stayed upon successful completion of probation (§ 1202.45); a $780 fine (§ 1202.5); a $40 court operations assessment fine (§ 1465.8); and a $30 conviction assessment fine (Gov. Code, § 70373).

On April 27, 2015, defendant filed a notice of appeal.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

Our review of the record raises only one potential issue:  We question the amount of the fines imposed by the trial court and whether the abstract of judgment accurately reflects the fines imposed.  The court did not expressly refer to a $780 fine, although it appears on the abstract of judgment.  We remand to the trial court for it to determine what fines were imposed, whether they were correct, and whether the abstract of judgment requires amendment.  The trial court is directed to provide a "detailed recitation of all the fees, fines and penalties on the record," including their amounts and statutory bases. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)

## DISPOSITION

The matter is remanded to the trial court for determination and imposition of all appropriate fees, fines, and assessments and for possible amendment of the abstract of judgment.  In all other respects, the judgment is affirmed.  If the abstract is amended, the trial court is directed to forward a certified copy of the abstract to the Department of Corrections and Rehabilitation.

3